```
                      IN THE UNITED STATES DISTRICT COURT
                      FOR THE SOUTHERN DISTRICT OF TEXAS
                                 HOUSTON DIVISION

ERNEST DALE NEWMAN,              §
TDCJ-CID NO. 560787,             §
                                 §
              Plaintiff,         §
                                 §
                                 §
v.                               §        CIVIL ACTION NO. H-07-1729
                                 §
BRAD LIVINGSTON,                 §
                                 §
              Defendant.         §
```

## **MEMORANDUM OPINION AND ORDER**

Ernest Dale Newman, a TDCJ-CID prison inmate with a history of filing frivolous pleadings, has filed another prisoner civil rights complaint against TDCJ-CID officials. Newman has also filed an Application to Proceed In Forma Pauperis. This action will be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g).

Newman alleges that prison officials "are conspiring against the image of Christ." Docket Entry No. 1, at 3-5. He also complains that he is the subject of persecution through the use of grooming standards in violation of state and federal laws. Newman further states that he has been placed in solitary confinement and has been subject to other restrictions, including denial of property and incoming mail, for extended periods. He complains that he suffers from mental anguish as a result of the harsh conditions that he must endure. See Docket Entry No. 2. He

requests an injunction restoring lost time credits and reinstating his former custody status. Docket Entry No. 1, at 5.

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee, if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals which was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Newman has accumulated at least three such dismissals, and the Fifth Circuit has determined that he is no longer allowed to proceed in forma pauperis pursuant to the provisions of section 1915(g). See Newman v. Woods, No. 01-41359 (5th Cir. Apr. 11, 2002), citing Newman v. Johns, No. 00-41176 (5th Cir. May 10, 2001); Newman v. Brock, No. 00-40959 (5th Cir. Feb. 14, 2001).

There is no indication that Newman has been recently subjected to any violence or that he is currently at risk of serious harm. Moreover, Newman alludes to incidents that allegedly occurred at a prison unit other than where he is currently assigned. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (in general, prisoner's transfer moots claim for equitable relief). In light of the pleadings and his litigation history, Newman has failed to show that he is eligible to proceed as a pauper. Therefore, this action may be dismissed pursuant to 28 U.S.C. § 1915(g).

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

2. The Motion to Subpoena Disciplinary Tape (Docket Entry No. 4) is **DENIED**. See Vander Zee v. Reno, 73 F.3d 1365, 1368-69 (5th Cir. 1996) (qualified immunity protects government officials from unnecessary discovery).

3. This action is **DISMISSED** without prejudice to refiling with advance payment of the entire filing fee.

**SIGNED** at Houston, Texas, on this 8th day of June, 2007.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE